IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11-CV-00144-RLV
(5:06-CR-00037-RLV-DCK-13)

| | |
|---|---|
| DAVID DONNELL MARTIN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **ORDER** |

**THIS MATTER** comes before the Court on consideration of Respondent's motion for summary judgment on the claims raised by Petitioner in his motion to vacate, set aside or correct sentence, which he filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Respondent's motion for summary judgment will be granted, and Petitioner's Section 2255 motion will be denied and dismissed.

**I.     BACKGROUND**

Petitioner and twelve others were named in a fifth superseding indictment (hereinafter "indictment") with conspiracy to possess with intent to distribute large quantities of cocaine, crack cocaine and methamphetamine, all in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count 1). Petitioner was also charged individually with possession of a firearm during and in the course of committing a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 24). (5:06-CR-00037, Doc. No. 153: Indictment).

Petitioner, with assistance of counsel, entered into a written plea agreement with the Government and agreed to plead guilty to the two counts charged against him in the indictment and he admitted that he was in fact guilty of the conduct alleged in the counts. Further, Petitioner

stipulated that there was in fact a factual basis to support a finding of his guilt. The plea agreement provided that Petitioner faced a term of imprisonment of no less than 10 years and not more than life upon conviction on Count 1 and a mandatory consecutive term of no less than 5-years imprisonment upon conviction on Count 24 with a potential term of life imprisonment. Petitioner agreed that the amount of cocaine powder involved in the conspiracy that was reasonably foreseeable to him was more than 5 kilograms but less than 15 kilograms. (Id., Doc. No. 216: Plea Agreement).

Petitioner appeared with counsel before U.S. Magistrate Judge David Kessler for his Plea and Rule 11 hearing and he was placed under oath and he acknowledged that he was required to provide truthful answers to the questions posed by the court during the hearing. Next, the court clearly explained the elements of Counts 1 and 24 and the maximum penalties Petitioner could face upon conviction. Petitioner averred that he had reviewed the charges and potential penalties with his attorney and that he understood the elements of the offenses and the potential penalties. Petitioner averred that he had reviewed how the Sentencing Guidelines applied to his case with this attorney and that he may face a sentence that was higher or lower than a sentence recommended by the Guidelines, but in any event Petitioner would still be bound by his guilty plea and have no right to withdraw it.

The court continued by explaining that Petitioner could elect to plead not guilty and proceed to a jury trial where the Government would be required to present evidence and prove that he was guilty of the conduct charged in Counts 1 and 24 beyond a reasonable doubt. Petitioner acknowledged that he understood those rights and he then admitted that he was in fact guilty as charged in Counts 1 and 24 and that he had elected to plead guilty as charged. The Government summarized the terms of the plea agreement including the stipulation to the amount

of drugs that were involved in the conspiracy and that were reasonably foreseeable to Petitioner. The Government also noted that Petitioner had agreed that there was a factual basis to support a finding that he was guilty of the conduct charged in Counts 1 and 24 and that the factual basis would be established during his sentencing hearing.

The court concluded the hearing by confirming that the parties had not entered into any agreements that were not contained in the written plea agreement; that Petitioner understood and agreed with the terms of the plea agreement, and that Petitioner was pleading guilty of his own free will and that no one had threatened him to plead guilty; and that Petitioner was satisfied with the services of his attorney. The court prepared the Acceptance and Entry of Plea form and Petitioner reviewed the document and signed it in open court. After reviewing Petitioner's answers, the court accepted the guilty pleas and found that Petitioner knowingly, voluntarily and intelligently decided to plead guilty to the conduct in the charged offenses. (Id., Doc. No. 218: Acceptance and Entry of Guilty Plea).

A presentence report (PSR) was prepared by the U.S. Probation Office in advance of Petitioner's sentencing hearing. The PSR provided details regarding Petitioner's offense conduct which involved a large drug conspiracy in several counties in North Carolina including Surry, Iredell, and Rowan County, and in Patrick County, Virginia. The PSR also summarized the evidence obtained following a search of Petitioner's residence by law enforcement. During the search, approximately 25 ounces of powder cocaine was seized from Petitioner's bedroom along with a 9mm handgun which was discovered on a coffee table in the living room in proximity to Ecstasy tablets, marijuana and drug paraphernalia. (Id., Doc. No. 297: PSR ¶ 8).

3

After the parties reviewed the PSR, Petitioner appeared with counsel for his sentencing hearing. The Court first confirmed that Petitioner understood the charges to which he entered his guilty pleas and the possible penalties, and that he had entered his guilty pleas knowingly and voluntarily. Petitioner admitted that he had committed the offenses charged in Counts 1 and 24, and stated that he was satisfied with the services of his attorney. The parties stipulated, subject to the objections raised by Petitioner, that the Court could accept the evidence in the PSR to support an independent, factual basis to establish the elements of Counts 1 and 24.[1] Based on the record, Petitioner's assertions, and the parties stipulations, the Court found that Petitioner's guilty pleas were knowingly and voluntarily given and his pleas were thereafter accepted and a judgment of guilt was entered. (Id., Doc. No. 454: Tr. of Sentencing).

The Court sentenced Petitioner to term of 120-months imprisonment on Count 1 and a consecutive term of 5-years imprisonment on Count 24. (Id., Doc. No. 341: Judgment in a Criminal Case). Petitioner did not appeal from this judgment, rather he filed a § 2255 motion to vacate the judgment and contended that his trial counsel failed to file an appeal even though Petitioner instructed him to do so. The Court granted the § 2255 motion and vacated his judgment and entered an amended judgment from which Petitioner filed a timely appeal to the United States Court of Appeals for the Fourth Circuit. See (5:09-CV-100-RLV).

On appeal, Petitioner's appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967) contending there were no meritorious issues for appeal

---

[1] The only objection of note was to the two-level enhancement for obstruction of justice for fleeing arrest. During the sentencing hearing, the Government presented evidence which failed to support the application of the enhancement and Petitioner's objection was sustained. Of particular importance to resolution of Petitioner's arguments in this § 2255 proceeding, there was no objection filed to the factual basis regarding his § 924(c) charge.

but inquiring whether Petitioner's trial counsel provided ineffective assistance with regard to the plea agreement and sentencing. Petitioner filed a supplemental brief and argued that his trial counsel was ineffective by permitting him to plead guilty to the § 924(c) firearm charge that was alleged in Count 24 of the indictment and he challenged his 60-month consecutive sentence on the 924(c) offense. In particular, Petitioner argued that no factual basis for Petitioner's guilty plea to the 924(c) offense was ever set forth by this Court, the Government or his trial counsel. The Fourth Circuit rejected this argument after noting that Petitioner stipulated in his plea agreement that there was in fact a factual basis to support his plea of guilty to Count 24. Furthermore, the Court noted that Petitioner agreed in the written plea agreement that the factual basis would be deferred until sentencing and that this Court could accept the evidence presented in the PSR, except for those facts which were objected by Petitioner, in support of a factual basis for his guilty plea. The Circuit panel then examined the offense conduct in the PSR and observed that the 9mm was found in Petitioner's home by law enforcement and it was possessed by Petitioner in close proximity to the drugs for which Petitioner was convicted in Count 1. In sum, the Court found that ""[o]n these facts, it does not appear that [Petitioner's] trial counsel acted unreasonably in allowing [Petitioner] to plead guilty to the 924(c) charge." United States v. Martin, 423 F. App'x 344 (4th Cir. 2011) (unpublished). The Court next rejected Petitioner's claim regarding his mandatory minimum 5-year sentence and affirmed his judgment in all respects.

## II. STANDARD OF REVIEW

A. <u>Section 2255 Proceedings</u>

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

B.     Summary Judgment

Summary judgment is appropriate in cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to judgment as a matter of law. United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying summary judgment to a motion to vacate). Any permissible inferences which are drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). However, when the record taken as a whole could not lead a trier of fact to find for the non-moving party, granting summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

### III.     DISCUSSION

In this § 2255 proceeding, Petitioner raises two claims of ineffective assistance of trial counsel and a claim of actual innocence in his motion to amend his § 2255 petition. The Government has filed a response to the § 2255 motion and a motion for summary judgment, and Petitioner has filed a response to the Government's motion.[2] Petitioner's claims for relief will be examined herein.

---

[2] Petitioner has filed a motion to compel specific performance contending that the Government breached the terms of the plea agreement by failing to move for a downward departure under § 5K1.1 of the U.S. Sentencing Guidelines Manual (USSG). This argument is without merit. Petitioner argues that he provided substantial assistance to the Government but there is no evidence in the record that he did so or that he ever raised this issue before or after

6

The Sixth Amendment guarantees that in all criminal prosecutions, the accused shall have the right to the effective assistance of counsel for his defense. U.S. Const. amend. VI. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. A petitioner seeking post-conviction relief bears a "heavy burden" to overcome this presumption. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice, Petitioner "must show 'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Murray v. Carrier, 477 U.S. 478 (1986) (emphasis omitted) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)). If Petitioner falls short of meeting his burden here, then "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the performance prong, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome

---

sentencing until now. Nor does Petitioner offer anything other than a conclusory statement that he should have received the departure. Moreover, the plea agreement provides that the Government has the sole discretion to determine whether Petitioner has provided substantial assistance and may make a motion pursuant to USSG 5K1.1. Thus, whether to file a § 5K1.1 motion was discretionary and there are no assertions in the written plea agreement to the contrary. (5:06-CR-00037, Doc. No. 216 ¶ 21).

of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.' " Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). Finally, in the context of a guilty plea, in order to demonstrate prejudice a petitioner must present a reasonable probability that but for counsel's allegedly deficient conduct, he would have elected to plead not guilty and insisted on proceeding to trial. See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

    A.    Ground One

Petitioner first contends that that his trial counsel was ineffective because she fraudulently induced him to plead guilty. In support of this assertion, Petitioner argues that his counsel promised (1) that he would receive a § 5K1.1 departure that would reduce his sentence by 50% and result in less than 10 years in prison; (2) that he would only be held responsible for the 25 ounces of powder cocaine that was seized from his home following the search by law enforcement; (3) that he could shave one year off of his sentence by participating in a drug treatment program; and (4) that he would only have to serve 65% of his sentence with the accumulation of good time credits. (5:11-cv-00144, Doc. No. 1 at 4).

What Petitioner has actually endeavored to do here is to attack the voluntary and knowing nature of his guilty plea and he attempts to mask this effort by claiming ineffective assistance of counsel. In any event, however, the Court finds that these claims are without merit. During Petitioner's sentencing hearing this Court confirmed that Petitioner understood the elements of the charges to which he pleaded guilty and the possible penalties, that he satisfied with the services of his attorney, and that his decision to plead guilty was knowingly and voluntarily entered. In reviewing the Acceptance and Entry of Plea form and the transcript of Petitioner's

Rule 11 hearing, it is clear that Petitioner's present assertions are blatantly at odds with the sworn statements he made while under oath before Judge Kessler. In particular, the Court notes that Petitioner swore during his Rule 11 hearing that no one had promised him anything that was not within the written terms of the plea agreement; no one had coerced or forced him into pleading guilty; that Petitioner agreed to be held responsible for more than 5 kilograms but less than 15 kilograms of powder cocaine; and that Petitioner understood that he faced a minimum term of 10-years active incarceration upon conviction on Count 1 and a mandatory minimum term of 5-years imprisonment on Count 24 that would be ordered to run consecutively to the term imposed in Count 1.

"[A] defendant's solemn declarations in open court affirming [a plea] agreement "carry a strong presumption of verity." United States v. White, 366 F.3d 291, 295 (4th Cir. 2004) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Courts "must be able to able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (citing United States v. Bowman, 348 F.3d 408, 417 (4th Cir. 2003)). "Indeed, because they do carry such a presumption, they present 'a formidable barrier in any subsequent collateral proceedings.'" White, 366 F.3d at 295-96 (quoting Blackledge, supra).

Based on the record in this matter, the Court affirms its determination that the Rule 11 hearing was properly conducted and that Petitioner knowingly and voluntarily pleaded guilty to the two counts in the indictment. Petitioner's current assertions regarding ineffective assistance of counsel – or the implicit contention that his plea was not knowing and voluntary – are in direct contrast to the record in Petitioner's criminal case and will not support relief in this collateral proceeding.

B. Ground Two

Here, Petitioner contends that his trial counsel was ineffective during his sentencing hearing because she did not object to the drug weight that was attributed to Petitioner, and that she did not object to the factual basis which the Court relied upon to support his conviction for the § 924(c) offense. (Doc. No. 1 at 5). This is another clear attack on the voluntary and knowing nature of his guilty plea.

First, Petitioner appears to have forgotten that he stipulated in his written plea agreement, and under oath, that it was reasonably foreseeable to him that there was in excess of 5 kilograms but less than 15 kilograms of powder cocaine involved in the conspiracy. Second, Petitioner appears to have forgotten that he stipulated in his plea agreement, and under oath, that there was a factual basis to support his guilty to plea to the § 924(c) charge. Furthermore, Petitioner stipulated that the Court could rely on the offense conduct as set forth in the PSR, subject to objection, to establish the factual basis for his guilty plea at sentencing and the Court observes that Petitioner asserted no objection to the factual basis for the § 924(c) charge. (5:06-CR-00037, Doc. No. 216: Plea Agreement ¶¶ 5, 12). In addition, Petitioner stipulated through counsel that there was a factual basis to support his plea during his sentencing hearing and he confirmed that he was satisfied with the services of his attorney. Again, Petitioner presents claims are that are fatally contradicted by the express terms of his plea agreement which was an agreement that he solemnly acknowledged that he understood and agreed with, and contradicted by his sworn answers he provided during his Rule 11 hearing and his statements he made before this Court during sentencing. Accordingly, Petitioner's claims regarding ineffective assistance of counsel will be denied.

C. Motion to Amend

10

In his motion to amend, Petitioner continues his meritless challenge to the factual basis to support his conviction on the § 924(c) charge by contending that he is actually innocent of the offense. First, Petitioner admitted in his plea agreement and under oath that he understood the elements of the § 924(c) charge in Count 24, and that he was in fact guilty of possessing the 9mm handgun that was recovered in his home and was in proximity to cocaine, Ecstasy, marijuana, and drug paraphernalia. Second, Petitioner confirmed his guilt during his sentencing hearing. Finally, the Fourth Circuit summed up the factual basis on appeal: "The firearm was thus found in [Petitioner's] home, located close to and possessed contemporaneously with other drugs and the cocaine for which he was convicted, and was readily available for use." Martin, 423 F. App'x at 346.

The affidavits which Petitioner attaches to the motion to amend provide sworn statements that another individual actually owned the gun and had inadvertently left it behind the night before the police searched his residence. These contentions, however, do not support relief for two reasons. First, as noted time and again herein, Petitioner has already admitted under oath that he possessed the 9mm during and in the course of the drug distribution charged in Count 1. Second, there is no question that the gun was located in Petitioner's house and recovered by the police during their search – along with the drugs at issue – and Petitioner had the opportunity to exercise total possession and control over the gun during the commission of the charged drug distribution conspiracy.

Because Petitioner's motion to amend addresses a claim that was presented in his initial § 2255, the motion to amend will be allowed. However, the Court finds for the foregoing reasons that his claim does not entitle him to relief and it will be denied.

### IV. CONCLUSION

For the reasons set forth herein, the Court finds that Petitioner's § 2255 motion is without merit and it will be denied and dismissed.

**IT IS, THEREFORE, ORDERED** :

1. Petitioner's motion to compel specific performance is **DENIED**. (Doc. No. 3).

2. Respondent's motion for summary judgment is **GRANTED**. (Doc. No. 8).

3. Petitioner's motion for leave to conduct discovery is **DENIED**. (Doc. No. 12).

4. Petitioner's motion to amend is **GRANTED**. (Doc. No. 13).

5. Petitioner's motion to vacate, set aside, or correct sentence, as amended, is **DENIED** and **DISMISSED.** [Doc. Nos. 1, 13].

6. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong). Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 19, 2014

*[signature]*

Richard L. Voorhees
United States District Judge